IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON KULINA and | : | |
| DALE DURDOCK, | : | Civil Action No. 08-cv-1617 |
| Plaintiffs | : | (Chief Judge Yvette Kane) |
| | : | |
| v. | : | |
| | : | |
| UGI, HANDWERK CONTRACTORS, | : | |
| HUMMELSTOWN BOROUGH, | : | |
| MICHAEL O'KEEFE, BRADLEY | : | |
| MILLER, and DETECTIVE GREGORY | : | |
| DAY, | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is Defendant UGI Utilities' ("UGI") motion to dismiss, or in the

alternative, motion to strike Plaintiffs' complaint (Doc. No. 5), and Defendant Handwerk

Contractors' ("Handwerk") motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(1) or 12(b)(6) (Doc. No. 8).  Because the two motions raise nearly identical arguments,

both motions will be addressed here. For the reasons that follow, the Court grants in part and

denies in part Defendants' motions.

**BACKGROUND**

On May 21, 2008, at approximately 1 p.m., a severed gas line caused an explosion, which

in turn destroyed the property of Plaintiffs Sharon Kulina and Dale Durdock. (Comp. ¶¶ 1, 12, &

18.) Plaintiffs allege that the explosion resulted when from Defendant Handwerk excavated near

the front lawn and sidewalk of Plaintiffs' property and struck and severed a gas pipeline. (Comp.

¶ 16.) On severing the pipeline, Defendant Handwerk left the scene, gas rose into the building,

and the building exploded. (Comp. ¶¶ 17-18.) Plaintiffs estimate that the value of their property

and business located thereon was approximately $650,000. (Comp. ¶ 13.)

Plaintiffs were not at the property when the explosion occurred, but arrived at the location sometime after the explosion. (Comp. ¶ 23.) Plaintiffs were visibly upset by the damage to their property, and were detained for questioning by Defendant Gregory Day, a police officer purportedly representing Derry Township. (Comp. ¶ 25.) Unnamed Defendant John Doe allegedly took Plaintiffs into custody, and Defendant Day threatened them with incarceration if they failed to cooperate in his questioning. (Comp. ¶ 11, 26.) After the explosion, Defendants UGI and Handwerk refused the requests of Defendant Hummelstown Borough to pay for the clean-up costs on the site. Plaintiffs, however, were coerced into signing a personal commitment obligating them to pay $19,400 to clean the site and to remove the resulting nuisance. (Comp. ¶¶ 28-31.) To further ensure payment, Plaintiffs were criminally charged by Defendants Michael O'Keefe and Bradley Miller for failure to abate the nuisance. (Comp. ¶ 32.) Defendants O'Keefe and Miller then conducted a "media blitz," in which they described Plaintiffs as "negligent and "uncooperative." (Comp. ¶¶ 36-37.)

Plaintiffs filed this action in federal court on August 28, 2008 alleging federal civil rights violations and state negligence, false light, and defamation claims. The Court will address only UGI and Handwerk's motions in this memorandum.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the

moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir.

1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient

information to outline the elements of his claim or to permit inferences to be drawn that those

elements exist."  Kost, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  Morse

v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme Court

has recently held that while this standard does not require "detailed factual allegations," there

must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual

allegations must be enough to raise a right to relief above the speculative level'" in order to

survive a 12(b)(6) motion to dismiss.  Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d

Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

**DISCUSSION**

**A. Supplemental Jurisdiction**

Defendants argue that the state law claims should be dismissed on jurisdictional grounds

for two reasons. They argue that the state law claims do not arise from the same common

nucleus of operative fact as the federal claims, and therefore that the Court lacks supplemental

jurisdiction. Defendants also argue that the state law claims predominate the litigation, and

therefore that those claims should be heard in state court even if the claims technically meet the

nexus requirement of supplemental jurisdiction. Plaintiffs argue that their federal claims arise

from the explosion that occurred as a result of Defendants' negligence and therefore that all

claims arise from the same common nucleus of operative facts.

The Court's ability to exercise supplemental jurisdiction over Plaintiffs' state law claims

is determined by 28 U.S.C. § 1367(a), which provides, in relevant part and subject to certain

exceptions, that:

> [I]n any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction
> over all other claims that are so related to claims in the action within
> such original jurisdiction that they form part of the same case or
> controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction over a pendent state claim is available under

§ 1367(a) only if three requirements are met.  Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir.

1995).[1]  First, there must be a federal claim that has "substance sufficient to confer subject matter

jurisdiction on the court."  Id. (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725

(1966)). In this case, it is agreed that the § 1983 claims establish subject matter jurisdiction.

Second, under what is called the "nexus requirement," the federal claims and the pendent state

claims must "derive from a common nucleus of operative facts."  Lyon, 45 F.3d at 760.  Third,

leaving the claims' federal or state character aside, the nature of the claims must be such that the

party would "ordinarily be expected to try them all in one judicial proceeding."  Id.  Subject-

matter jurisdiction over the non-diverse state-law claim exists only when each of these three

requirements are satisfied.

　　　　Whether claims derive from a "common nucleus of operative fact" is a fact-intensive

inquiry. For example, the Third Circuit has held that a nexus exists between a federal Fair Labor

Standards Act ("FLSA") claim and a state Wage Payment and Collection Law ("WPCL") claim

---

[1] Section 1367 codified the judicially created concepts of "pendent" and "ancillary" jurisdiction together under the single umbrella of "supplemental jurisdiction."  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 307 (3d Cir. 2003); In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 300-03 (3d Cir. 1998).

when both claims address whether employees should be paid for time spent preparing for and

winding down from work.  De Asencio, 342 F.3d at 308.  By contrast, in Lyon, the Third Circuit

held that no nexus existed between a FLSA claim involving a failure to pay overtime wages and

common law contract and tort claims involving the underpayment of a bonus.  45 F.3d at 763.  In

fact, the Third Circuit stated that because there was "so little overlap between the evidence

relevant to [the] claims . . . it would be charitable to characterize the relationship of the federal

and state claims as involving even a 'loose' nexus."  Id.  The Lyon court guided that a district

court should look to whether the same facts are necessary to prove both the state and federal

claims; in other words, whether the state and federal claims are "merely alternative theories of

recovery based on the same acts."  Id. at 761 (citing Lentine v. Fringe Employee Plans, Inc., 611

F.2d 474, 494 (3d Cir. 1979). For example, state assault claims in civil rights suits charging

police abuses are a common area in which supplemental jurisdiction exists. Id.

Here, Plaintiffs allege a violation of their constitutional rights by public officials acting

under color of law. Plaintiffs' federal claims are premised on discrete facts that occurred after an

accident. The alleged actors—Borough of Hummelstown[2], Borough Manager Michael O'Keefe,

Borough Mayor Bradley Miller, and Detective Gregory Day—are not alleged to have caused the

accident or resulting property damage, but only to have responded poorly to circumstances as

they existed following the accident. The gravamen of Plaintiffs' federal claims is official

misconduct, not negligence or strict liability. Though the fact of the accident that forms the basis

of Plaintiffs' state law claim will serve as background for the constitutional claims, the federal

---

[2]In a separate motion, the Court has dismissed the negligence claim brought against
Defendant Borough of Hummelstown on the basis of local agency immunity. Therefore, the
negligence claim only remains as against Defendants UGI and Handwerk.

and state law claims are not related.

The Court anticipates that a whole separate universe of facts and scientific expertise will be necessary to prove Plaintiffs' claims against Handwerk and UGI, and central to that claim will be causation. Plaintiffs' claims for constitutional violations will require distinct and unrelated factual questions of whether Plaintiffs were actually detained, what knowledge the Defendants had at the time of Plaintiffs' arrest, and to what extent they were injured by any alleged violation of their constitutional rights. Causation will not be a central issue to the federal claims. Judicial economy does not dictate trying these claims together. Rather, confusion, delay, and prejudice are the likely result of pairing Plaintiffs' negligence claims against Defendants UGI and Handwerk with claims against public officials who are alleged to have violated Plaintiffs' constitutional rights.

Furthermore, § 1367 provides that a district court may decline to exercise supplemental jurisdiction when the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). The Third Circuit has stated that substantial predomination exists "where a state claim constitutes the real body of a case, to which the federal claim is only an appendage." De Ascencio, 342 F.3d at 309 (dismissing state law claims, though they shared a common nucleus of operative facts with the federal claims, because the novel and complex issues of state law, the significantly higher number of plaintiffs involved in the state law claims, and different terms of proof required between the claims suggested that the state law claims predominated) (citations omitted). First articulated in United Mine Workers v. Gibbs, 383 U.S. 715 (1966), a significant difference between the value of the state and federal claims comes into play in this analysis, as well as

traditional notions of judicial efficiency and fairness to the litigants. See also Borough of West

Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995) ("It is important to recognize that this

standard was fashioned as a limited exception to the operation of the doctrine of pendent

jurisdiction—a doctrine that seeks to promote judicial economy, convenience, and fairness to

litigants by litigating in one case all claims that arise out of the same nucleus of operative fact.").

Gibbs suggested that pendent jurisdiction should be declined where state issues appear to

predominate in terms of proof, comprehensiveness of the remedy sought, or scope of the issues

raised. Gibbs, 383 U.S. at 726.

Applying those factors to the facts of this case, the Court finds that the state law claims

predominate. The state law claims do not involve novel or complex areas of state law, however,

two litigants would be litigating entirely state law negligence claims in federal court.

Additionally, Plaintiffs allege a $750,000 claim for damages due to negligence, yet they do not

quantify an amount for the federal claims. This is an indication that the bulk of Plaintiffs' claims

are the state law claims, rather than the federal claims. Additionally, as stated above, the Court

finds that judicial economy would not be served by trying these claims together. There will be a

substantial amount of scientific proof required to prove causation for the negligence claims,

which is not involved in the federal claims. It would cause delay and unfairness to both the state

law and federal law litigants to try these negligence issues with the constitutional issues.

Accordingly, the Defendant UGI's and Defendant Handwerk's motions to dismiss for

lack of supplemental jurisdiction will be granted. Because the Court finds that it lacks

supplemental jurisdiction to hear the state law claims, the rest of Defendants' motions are moot.

An order consistent with this memorandum has been filed.